L. D. ROGERS, plaintiff in error, vs. RADFORD C. RHODES, sub-enrolling officer, defendant in error.

[1.] The General Military act of Congress, approved February 17th, 1864, vacates and revokes all prior certificates of disability granted by any surgeon or medical board.

[2.] The examination of a conscript, by a medical board assigned to duty in his congressional district, is not invalid, because had out of the county of his residence.

*Habeas Corpus* in Warren Superior Court. Decided by Judge REESE. October Term, 1864.

The writ of *habeas corpus* in this case was issued by his honor, Judge Reese, on the application of the plaintiff in error, on the 16th of September, 1864, and was heard and decided at the next term of Warren Superior Court in October following.

The question made, was as to the liability of the applicant to military service in the armies of the Confederate States. He claimed exemption by reason of physical disability, and for support of his claim, relied upon three several certificates, one of them dated Augusta, Ga., Dec. 4th, 1862, declaring him

unfit for military duty, and signed "LEWIS D. FORD, surgeon P. A. C. S. ;" another dated "Warrenton, Ga., March 5th, 1863, which declared him incapable of performing the duties of a soldier," and was signed "G. B. POWELL, surgeon ;" and the third dated "Warrenton, Oct. 5th, 1863, declaring him exempt from military duty on account of chronic nephritis ; that the disability was permanent; and that he should not be liable to further examination unless specially ordered by the examining board." This last certificate was signed by three surgeons, constituting the whole board of examination, and the approval of the enrolling officer of the 5th congressional district was indorsed upon it.

The sub-enrolling officer, respondent in the writ and defendant in error here, admitted in his return the genuineness of these certificates, but set up the act of Congress, approved Feb. 17th, 1864, as terminating their effect. The return also set up a subsequent examination of the applicant by the medical board of the 5th congressional district, had at Augusta, on the 10th of September, 1864, the result of which was, as the return alleged, his acceptance for full field duty. It stated further, that at the time of this examination he had filed an application for exemption as an agriculturalist, and that the same was subsequently disapproved. .

At the hearing, the applicant introduced the sub-enrolling officer, himself, as a witness, who testified that the applicant was examined last in Augusta by the board of surgeons, and found subject for field duty ; that he did not appear before the last board in Warren county in July, 1864, because witness told him that it was not necessary, as he was applying for a detail as a farmer ; that he was examined in Augusta to see if he was fit for service, and the detail was refused on account of the decision of the board ; that after the application reached Augusta it was sent back to Warren, with an order to report there for examination ; that the applicant was then ordered by witness to Augusta, where he was examined and found fit for field duty, and his detail was refused.

This, together with the certificates above described, was all the evidence in the case.

The Court remanded the applicant to the custody of the sub-enrolling officer; and this decision was excepted to as erroneous: 1st, in holding that the certificates did not exempt the applicant; and 2d, in holding the examination at Augusta valid.

The argument in this Court was confined to the inquiry, whether the general military act of Congress of February 17th, 1864, revoked all prior exemptions for disability; and whether, if it did, a subsequent examination by the board of surgeons, not had in the county of the conscript's residence, was valid.

POTTLE, for plaintiff in error.

F. H. MILLER, for defendant.

LUMPKIN, C. J.

[1.] There are two questions made in this record. First, under the military bill of 17th February, 1864, can a citizen be re-examined for service who has once, or even thrice, before been discharged by a medical board for physical disability?

It is claimed that the setting aside of all previous exemptions does not apply to this class. The act itself clearly negatives this idea: " All white men between the ages of 17 and 50 are declared to be in the Confederate service during the war." Then the fourth section provides " that no person shall be relieved from the operation of this act by reason of having been heretofore discharged from the army, where no disability now exists," showing that they not only have to submit to another examination, but to be accepted if the disability no longer exists; and the board were to be the judges of that. Moreover, if not found fit for field duty, they might be taken for light duty. *No constitutional objection has been raised upon this point.*

[2.] But 2d, it is said that Rogers was examined by the Board in Richmond, instead of Warren county, the residence of the petitioner. But what of that? Both counties are in the 5th congressional district. The same physicians acted in each. It is said the local physician was probably better acquainted with his system, &c. Congress has wisely determined to exclude these local physicians from being on the board. Who has known a family physician to subject his patient to the service?

Mr. Rogers did not appear in answer to the summons in Warren, and when he failed to obtain his detail from the supervisor's board at Augusta, he was ordered for enrólment there, and he was brought before the medical board at Augusta. He can take no advantage by this objection.

Judgment of the Circuit Judge affirmed.